1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  MUHAREM KURBEGOVICH,              ) 1:04-cv-6029-REC-SMS
                                     )
11              Plaintiff,           ) ORDER SCREENING COMPLAINT
                                     )
12       v.                          ) ORDER DIRECTING PLAINTIFF TO FILE
                                     ) A FIRST AMENDED COMPLAINT, OR, IN
13  DEPUTY FBI DIRECTOR, et al.,     ) THE ALTERNATIVE, A STATEMENT OF
                                     ) INTENTION TO PROCEED ON THE
14              Defendants.          ) ORIGINAL COMPLAINT, NO LATER THAN
                                     ) THIRTY DAYS AFTER THE DATE OF
15                                   ) SERVICE OF THIS ORDER
    _____ )
16                                     INFORMATIONAL ORDER

17

18       Plaintiff is proceeding pro se and in forma pauperis with an

19  action for damages and other relief concerning alleged civil

20  rights violations against an unnamed postmaster and unnamed

21  deputy FBI director. The matter has been referred to the

22  Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules

23  72-302 and 72-304. The complaint was filed on July 29, 2004, and

24  was re-designated as a regular civil action on November 28, 2005.

25  Pending before the Court is the complaint filed on July 29, 2004.

        I. Screening the Complaint

26       The Court must screen complaints brought by prisoners

27  seeking relief against a governmental entity or officer. 28

28

1  U.S.C. § 1915A(a). The Court must dismiss a complaint or portion
2  thereof if the Court determines that an allegation of poverty is
3  untrue or that the action is 1) frivolous or malicious, 2) fails
4  to state a claim upon which relief may be granted, or 3) seeks
5  monetary relief from a defendant who is immune from such relief.
6  28 U.S.C. §§ 1915A(b), 1915(e)(2).

7      In reviewing a complaint under this standard, the Court
8  must accept as true the allegations of the complaint in question,
9  Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
10 (1976), construe the pro se pleadings liberally in the light most
11 favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447
12 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
13 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

14     If the Court determines that the complaint fails to state a
15 claim, leave to amend should be granted to the extent that the
16 deficiencies of the complaint can be cured by amendment. Lopez v.
17 Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A
18 complaint, or a portion thereof, should only be dismissed for
19 failure to state a claim upon which relief may be granted if it
20 appears beyond doubt that the Plaintiff can prove no set of
21 facts, consistent with the allegations, in support of the claim
22 or claims that would entitle him to relief. See Hishon v. King &
23 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355
24 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log
25 Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).
26 Dismissal of a pro se complaint for failure to state a claim is
27 proper only where it is obvious that the Plaintiff cannot prevail
28 on the facts that he has alleged and that an opportunity to amend

2

1  would be futile. Lopez v. Smith, 203 F.3d at 1128.

2      A claim is frivolous if it lacks an arguable basis either in

3  law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A

4  frivolous claim is based on an inarguable legal conclusion or a

5  fanciful factual allegation. Id. A federal court may dismiss a

6  claim as frivolous if it is based on an indisputably meritless

7  legal theory or if the factual contentions are clearly baseless.

8  Id.

9      The test for malice is a subjective one that requires the

10  Court to determine whether the applicant is proceeding in good

11  faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46

12  (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir.

13  1986). A lack of good faith is most commonly found in repetitive

14  suits filed by plaintiffs who have used the advantage of cost-

15  free filing to file a multiplicity of suits. A complaint may be

16  inferred to be malicious if it suggests an intent to vex the

17  defendants or abuse the judicial process by relitigating claims

18  decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309

19  (D.C.Cir. 1981); if it threatens violence or contains

20  disrespectful references to the Court, id.; or if it contains

21  untrue material allegations of fact or false statements made with

22  knowledge and an intent to deceive the Court, Horsey v. Asher,

23  741 F.2d 209, 212 (8th Cir. 1984).

24      In the complaint, Plaintiff, who is imprisoned in Crescent

25  City, California, complains that two government officers, namely,

26  the deputy director of the FBI at the FBI office in Fresno and

27  the Postmaster for Fresno County, have interfered with

28  Plaintiff's mail. Plaintiff alleges that due to implementation of

1  the Patriot Act, non of his "NON-JUDICATORY" mail to addresses in

2  Fresno County reached the addressee because the postmaster in

3  Fresno County confiscated it and then gave it to Fresno FBI

4  agents, who either destroyed it or turned it over to the United

5  States Secret Service. (Cmplt. at 3.) Further, none of

6  Plaintiff's thirteen letters to professors in Fresno County

7  "DURING JUNE 2003 AND THIS DATE" have reached the addressee (Id.

8  at 3.) Plaintiff further alleges that this confiscation was

9  effected clandestinely with no documentary notification to him.

10 He states that he is submitting his complaint in each

11 jurisdiction for which he has documentary evidence.[1] He alleges

12 that the reason for Defendants' conduct is not to protect

13 national security, but rather to protect various government

14 officials from the consequences of evidence consisting of

15 previous communications from Plaintiff which would indicate that

16 government officials had been informed by Plaintiff that Osama

17 would attack on September 11, 2001, but failed at that time to

18 credit Plaintiff's information of an impending attack. (Id. at

19 2/2.)

20

21      [1]Plaintiff refers to a document styled as a letter to a
   court clerk for the specifics of the confiscation, and in this
22 attachment, Plaintiff names numerous officers at his prison who
   by July 2003 had confiscated 500 legal documents, and he alleges
23 that another officer had later intercepted in September 2003
   documents in which Plaintiff had attempted to appeal this
24 conduct. Plaintiff also alleges that two officers in prison had
   told him that they were obeying a memo that instructed them to
25 turn all Plaintiff's mail over to security, where the mail
   vanished. However, because Plaintiff refers to this as matter
26 concerning exhaustion of administrative remedies, and because
   Plaintiff formally designates as defendants only two officials
27 located in Fresno outside the prison, the Court construes
   Plaintiff's complaint as relating only to the conduct of the
28 Fresno FBI deputy directory and postmaster.

4

1          II. <u>First Amendment Claim</u>

2          In <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388

3    (1971) (involving a suit for damages for a Fourth Amendment

4    violation relating to a warrantless arrest), the Court recognized

5    an implied private action for damages against federal officers

6    alleged to have violated a citizen's constitutional rights while

7    acting under color of federal authority. However, no such claim

8    exists against a federal agency; if cognizable, such a claim may

9    only be brought against the individual officer because the

10   purpose of the remedy is to deter individuals. <u>Carlson v. Green</u>,

11   446 U.S. 14, 21 (1980).

12         Prisoners have "a First Amendment right to send and receive

13   mail." <u>Witherow v. Paff</u>, 52 F.3d 264, 265 (9th Cir. 1995).

14   Censorship of <u>outgoing</u> prisoner mail is justified if the

15   following criteria are met: 1) the regulation or practice

16   furthers "an important or substantial government interest

17   unrelated to the suppression of expression" such as security,

18   order, or rehabilitation, and 2) "the limitation on First

19   Amendment freedoms must be no greater than is necessary or

20   essential to the protection of the particular governmental

21   interest involved." <u>Procunier v. Martinez</u>, 416 U.S. 396, 413

22   (1974); see <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 413-14 (1989).

23         Plaintiff's complaint alleges facts supporting an inference

24   that the federal officials named as defendants acted without a

25   sufficiently important or substantial governmental interest

26   unrelated to the suppression of expression, and/or that the

27   limitation was greater than was necessary or essential to the

28   protection of any particular governmental interest involved.

5

1    Plaintiff does not state in what capacity he sues the

2  Defendants. Although a <u>Bivens</u> claim for damages lies against a

3  defendant only in the person's individual capacity, <u>Daly-Murphy</u>

4  <u>v. Winston</u>, 837 F.2d 348, 355 (9th Cir. 1987), Plaintiff seeks

5  only injunctive relief in this suit. Plaintiff seeks a hearing at

6  which the FBI would be required to prove that they are authorized

7  to manipulate or destroy Plaintiff's mail at will, and a trial on

8  the issue of a violation of his rights. It will be inferred that

9  because Plaintiff proceeds only against unnamed officers,

10 Plaintiff is proceeding against them in their official capacity.

11 <u>Compare</u>, <u>Cerrato v. San Francisco Community College District</u>, 26

12 F.3d 968, 973 n.16 (9th Cir. 1994) (holding in civil rights

13 actions brought under 42 U.S.C. § 1983 against state officers

14 that a suit against an officer necessarily implies that it is

15 brought against an individual).

16    Should Plaintiff choose to amend the complaint instead of

17 proceeding on the two claims already stated, Plaintiff will have

18 an opportunity to clarify the capacity, individual or official,

19 in which he sues the defendants. Plaintiff will also have an

20 opportunity to insert in the first amended complaint the names,

21 if known by Plaintiff, of the individuals who are the FBI deputy

22 director and the postmaster described in the operative paragraphs

23 of the complaint.

24        B. <u>Freedom of Religion</u>

25    Plaintiff states that his freedom of religion was violated,

26 but Plaintiff states no facts regarding the violation of any

27 religious liberty in this instance. Thus, Plaintiff has failed to

28 state a claim regarding a violation of religious freedom.

1  However, it is possible that Plaintiff may state facts regarding

2  a violation of religious freedom; thus, Plaintiff will be

3  permitted to state facts concerning such a claim in a first

4  amended complaint.

5       III. Due Process Claim

6       Plaintiff complains that his mail was confiscated or

7  censored without any notice to him.

8       The Due Process Clause of the Fourteenth Amendment protects

9  prisoners from being deprived of life, liberty, or property

10 without due process of law.  Wolff v. McDonnell, 418 U.S. 539,

11 556 (1974). The interest of prisoners and their correspondents in

12 uncensored communication by letter has been characterized as a

13 liberty' interest  within the meaning of the Fourteenth

14 Amendment. Martinez, 416 U.S. at 418. To establish a procedural

15 due process claim, a prisoner must generally show 1) a protected

16 liberty or property interest, and 2) a denial of adequate

17 procedural protections. Thornton v. City of St. Helens, 425 F.3d

18 1158, 1164 (9th Cir. 2005).

19      Plaintiff here alleges that his letters to professors were

20 confiscated without notice or documentation. Plaintiff has

21 adequately alleged facts demonstrating a protected liberty

22 interest and a denial of any procedural protections, whether they

23 be before the confiscation or the mail or afterwards. Plaintiff

24 thus has alleged a due process claim.

25      IV. Amendment of the Complaint or Proceeding upon the Two
            Stated Claims of the Present Complaint

26

27      In summary, Plaintiff has stated claims for denial of First

28 Amendment rights with respect to outgoing mail, and for denial of

procedural due process, with respect to Plaintiff's prayer for injunctive relief against the two defendants in their official capacities. However, Plaintiff has not stated facts establishing a claim for violation of religious freedom. Nevertheless, it is possible that Plaintiff may state a claim for religious freedom, and Plaintiff will be given an opportunity to state such a claim in an amended complaint.

However, Plaintiff may instead prefer not to file an amended complaint and instead to proceed against the two defendants only on the First Amendment mail claim and the procedural due process claim stated in the original complaint filed in 2004. If Plaintiff desires to proceed on these two claims instead of amending the complaint, Plaintiff may so indicate by filing a statement of intention to proceed on the presently filed complaint instead of filing a first amended complaint.[2]

Thus, the Court concludes that in Plaintiff's original complaint, Plaintiff states two claims for relief but does not state a claim for violation of religious freedom.

Accordingly, Plaintiff is given leave either to proceed on the original complaint or to file a first amended complaint.

Plaintiff IS DIRECTED to file no later than thirty days after the date of service of this order either

1) A statement of intention to proceed on the original complaint; or

2) A first amended complaint that complies with the

---

[2]
If Plaintiff files a notice of intention to proceed on the original complaint, the Court will then proceed to issue orders concerning service on the defendants. If instead Plaintiff files a first amended complaint, the Court will proceed to screen the first amended complaint before issuing any order to serve the complaint.

1   requirements of the pertinent substantive law, the Federal Rules

2   of Civil Procedure, and the Local Rules of Practice; the amended

3   complaint must bear the docket number assigned this case and must

4   be labeled "First Amended Complaint"; failure to file an amended

5   complaint in accordance with this order will be considered to be

6   a failure to comply with an order of the Court pursuant to Local

7   Rule 11-110 and will result in dismissal of this action; and

8       3) Plaintiff IS INFORMED that a complaint must contain a

9   short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

10  Although the Federal Rules adopt a flexible pleading policy, a

11  complaint must give fair notice and state the elements of the

12  claim plainly and succinctly. Jones v. Community Redev. Agency,

13  733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at

14  least some degree of particularity overt acts which the

15  defendants engaged in that support Plaintiff's claim.  Id.

16      In addition, Plaintiff IS INFORMED that the Court cannot

17  refer to a prior pleading in order to make Plaintiff's amended

18  complaint complete. Local Rule 15-220 requires that an amended

19  complaint be complete in itself without reference to any prior

20  pleading. This is because, as a general rule, an amended

21  complaint supersedes the original complaint. See Loux v. Rhay,

22  375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended

23  complaint, the original pleading no longer serves any function in

24  the case. Therefore, in an amended complaint, as in an original

25  complaint, each claim and the involvement of each defendant must

26  be sufficiently alleged.

27      Finally, Plaintiff IS INFORMED that a failure to file a

28  statement of intention to proceed on the original complaint or an

9

1   amended complaint in a timely manner, or to seek an extension of

2   time before the due date, will be considered a failure to comply

3   with an order of the Court and will result in a recommendation

4   that the action be dismissed.

5

6   IT IS SO ORDERED.

7   Dated:    December 15, 2005                    /s/ Sandra M. Snyder
    icido3                              UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28