1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAREM KURBEGOVICH, | ) 1:05-cv-6029-REC-SMS |
| | ) |
| Plaintiff, | ) ORDER VACATING ORDER GRANTING |
| | ) PLAINTIFF'S APPLICATION TO |
| | ) PROCEED IN FORMA PAUPERIS (DOC. |
| v. | ) 3) |
| | ) |
| DEPUTY FBI DIRECTOR, et al., | ) FINDINGS AND RECOMMENDATION TO |
| | ) DENY PLAINTIFF'S APPLICATION TO |
| Defendants. | ) PROCEED IN FORMA PAUPERIS (DOC. |
| | ) 2) AND TO ORDER PLAINTIFF TO PAY |
| _____ | ) THE FILING FEE |

Plaintiff is proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations against an unnamed postmaster and unnamed deputy FBI director. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Background

The complaint and Plaintiff's application to proceed in forma pauperis were filed on July 29, 2004. On August 11, 2004, Plaintiff's application to proceed in forma pauperis was granted. The action was re-designated as a regular civil action on November 28, 2005, and was referred to the undersigned Magistrate

1

Judge. On December 15, 2005, the Court issued an order dismissing Plaintiff's complaint and requiring Plaintiff either to file an amended complaint or, in the alternative, to file a statement of intention to proceed on the original complaint. On January 3, 2006, Plaintiff filed a notice of intention to proceed on the original complaint.

However, after further review of Plaintiff's in forma pauperis status, the Court on its own motion has determined that the order granting Plaintiff's in forma pauperis petition was issued in error.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the record of actions filed by Plaintiff in the United States District Court for the Central District and Southern District of California[1] reveals that Plaintiff filed three or more actions that were dismissed as frivolous, as malicious, or for failing to state a claim upon which relief

---

[1]The Court may take judicial notice of court records. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981).

might have been granted.[2] Thus, Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff is in imminent danger of serious physical injury.

In the complaint filed in the instant action, Plaintiff has not alleged any facts to suggest that he is, or was at the time the complaint was filed, under imminent danger of serious physical injury. Therefore, Plaintiff may not proceed in forma pauperis, and Plaintiff is required to submit the appropriate filing fee in order to proceed with this action.

Thus, the Court's order of August 11, 2004, granting Plaintiff's application to proceed in forma pauperis, IS VACATED.

Further, based on the foregoing, the court HEREBY RECOMMENDS that:

1.    Pursuant to 28 U.S.C. § 1915(g), Plaintiff be denied leave to proceed in forma pauperis;

2.    Plaintiff be ordered to submit the $150.00[3] filing fee in full within fifteen (15) days; and

3.    If plaintiff fails to pay the $150.00 filing fee in full within fifteen (15) days, this action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fifteen

---

[2] See in the Southern District <u>Kurbegovich v. McGrath</u>, 02-cv-2477 (dismissed for failure to state a claim on December 30, 2002); see in the Central District <u>Kurbegovich v. McGrath</u>, 2:03-cv-1562-CBM-CW (dismissed for failure to state a cognizable on April 1, 2003), and <u>Kurbegovich v. Lockyer</u>, 2:03-cv-1591-RT-CW (dismissed for failure to state a claim on March 12, 2003).

[3] The complaint was filed before legislation increasing the filing fee to $250.00 took effect.

(15) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:     January 6, 2006                     /s/ Sandra M. Snyder**
icido3                          UNITED STATES MAGISTRATE JUDGE