UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAREM KURBEGOVICH,          ) | 1:04-cv-6029-OWW-SMS |
|                              ) | |
| Plaintiff,       ) | ORDER CONSTRUING PLAINTIFF'S |
|                              ) | MOTION TO REINSTATE SUIT AS |
|                              ) | MOTION FOR RELIEF FROM JUDGMENT |
| v.                           ) | (DOC. 18) |
|                              ) | |
| DEPUTY FBI DIRECTOR, et al., ) | FINDINGS AND RECOMMENDATION TO |
|                              ) | DENY PLAINTIFF'S MOTION FOR |
| Defendants.      ) | RELIEF FROM JUDGMENT (DOC. 18) |
|                              ) | |

   Plaintiff, a state prisoner, previously proceeded pro se with a civil rights action until it was dismissed on July 18, 2006, for Plaintiff's failure to pay the filing fee after having been determined to be ineligible to proceed in forma pauperis because of three prior dismissals of his claims for failure to state a claim upon which relief might be granted. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

   Pending before the Court is Plaintiff's motion to reinstate this suit, filed on December 20, 2007.

   Plaintiff seeks to reinstate his civil rights suit due to a change in circumstances. Plaintiff claimed that as of the time he

filed his motion, he was being subjected to unspecified mind control technology by the "Defense Intelligence Agency," who Plaintiff claims are trying to manipulate him to commit suicide or are seeking to terminate his life. (Mot. p. 1.)

### I. Construction of Plaintiff's Motion

Because Plaintiff seeks to reinstate the case, he is in effect seeking relief from, or reconsideration of, the Court's order of July 18, 2006, dismissing the case without prejudice for failure to comply with the Court's order of March 1, 2006, directing Plaintiff to pay the filing fee.

Accordingly, the Plaintiff's motion IS CONSTRUED as a motion to reconsider the Court's dismissal.

### II. Motion pursuant to Rule 60(b)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; 4) a void judgment; 5) satisfaction, release, or discharge of the judgment, reversal or vacation of an earlier judgment on which it was based, or applying the judgment prospectively is no longer equitable, or 6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be made within a reasonable time, and for reasons 1, 2, and 3, no more than a year after the

1  entry of the judgment or order or the date of the proceeding.
2  Fed. R. Civ. P. 60(c).
3     Motions for relief from, or to reconsider, a judgment
4  pursuant to Rule 60(b) are committed to the discretion of the
5  trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441
6  (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.
7  1983) (en banc). To succeed, a party must set forth facts or law
8  of a strongly convincing nature to induce the Court to reverse
9  its prior decision. See e.g., Kern-Tulare Water Dist. v. City of
10 Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part
11 and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987),
12 cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214
13 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is
14 residual and 'must be read as being exclusive of the preceding
15 clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791
16 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United
17 States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause
18 is reserved for 'extraordinary circumstances.'" Id. When filing a
19 motion for reconsideration, Local Rule 78-230(k) requires a party
20 to show the "new or different facts or circumstances claimed to
21 exist which did not exist or were not shown upon such prior
22 motion, or what other grounds exist for the motion."
23     Here, the precise category within which to place Plaintiff's
24 motion is unclear. However, Plaintiff has not stated facts and
25 circumstances that would warrant an inference that the motion was
26 brought within a reasonable time.
27     To the extent that Plaintiff's motion is based on mistake,
28 inadvertence, surprise, excusable neglect, newly discovered

3

evidence, or fraud, it is untimely because Plaintiff's motion, filed in December 2007, was not made within a year after the entry of judgment in July 2006. The time limit under Rule 60(b) cannot be extended. Fed. R. Civ. P. 6(b)(2).

Plaintiff's motion is a lengthy, rambling document. In it Plaintiff appears to be asserting that he is in imminent danger of injury due to mind control.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prisoners qualify for the exception for imminent danger of serious physical injury based on the alleged conditions at the time the complaint was filed. Thus, the danger must exist at the time the prisoner filed the complaint, not at an earlier or later time. Andrews v. Cervantes 493 F.3d 1047, 1052-53 (9th Cir. 2007). The harm must be imminent or occurring at the time the complaint is filed. Andrews, 493 F.3d at 1056. An ongoing pattern of conduct that raises a likelihood of harm is sufficient, such as where prison officials continue with a practice that has injured a prisoner or others similarly situated in the past. Id. at 1056-57.

Although Plaintiff refers to unspecified mind control, he

4

does not allege any specific facts that warrant an inference that he was under imminent danger of serious physical injury at the time the complaint was filed.

### III. Recommendation

Therefore, based on the foregoing, the Court RECOMMENDS that Plaintiff's motion to reconsider the Court's judgment of dismissal BE DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 14, 2008                    /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE